UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES AROKIUM,
    *Petitioner*,

v.

COMMISSIONER OF CORRECTIONS,
    *Respondent*.

No. 3:17-cv-00002 (JAM)

**RULING DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Charles Arokium brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently on parole after being convicted in Connecticut state court for possession of narcotics with intent to sell. Petitioner argues that his conviction was based on evidence obtained in violation of the Fourth Amendment. But it is well established that, if the state courts have provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal courts cannot grant habeas corpus relief on that claim. I will therefore deny the petition.

### BACKGROUND

In early 2009, an officer with the Stamford Police Department received a tip from a confidential informant that a man was selling cocaine out of a hotel room. *See State v. Arokium*, 143 Conn. App. 419, 421–22 (2013). The informant said that he knew the man as "Charlie," and gave the officer a physical description of the man. The officer learned from the hotel's clerk that the room was being rented in petitioner's name. *Ibid.*

The officer had the informant make a controlled purchase from the seller to confirm that cocaine was being sold. The officer then stationed himself outside of the hotel room, and saw at least two individuals enter and exit the hotel room. *Id.* at 423. Eventually, the officer noticed

petitioner leave the hotel room and, after following him on foot, the officer determined that petitioner matched the physical description of the cocaine seller given by the informant. *Id.* at 424. Petitioner got into a cab in the hotel parking lot. The officer approached the cab, displayed his badge, and ordered petitioner out of the car. Petitioner did not immediately comply with the order, and the officer opened the cab's door and pulled petitioner out and onto the ground to be handcuffed. *Id.* at 424–25. While the officer was removing petitioner from the car, a bag petitioner had been holding fell to the ground and spilled some of its contents. The officer noticed, among other things, a clear plastic bag containing a white powder that he suspected to be cocaine. *Id.* at 425.

Petitioner was charged in Connecticut Superior Court with possession of narcotics and possession of narcotics with intent to sell. He filed a motion to suppress the evidence obtained by the police when he was pulled from the cab, arguing that the police had neither reasonable suspicion to stop him nor probable cause to arrest him. *Ibid.* The trial court denied the motion after a suppression hearing, and petitioner was found guilty after a jury trial. *Id.* at 425–26.

Petitioner appealed his conviction, reiterating the arguments made in his motion to suppress. *Id.* The Connecticut Appellate Court considered at length and then rejected petitioner's challenge to the denial of his motion to suppress. *Id.* at 433–38. Petitioner sought review in the Connecticut Supreme Court, but his petition was denied. Doc. #1 at 2.

Petitioner later sought postconviction review in Connecticut state court, contending that his trial counsel was ineffective in the manner that he litigated the suppression hearing. Following an evidentiary hearing, the state habeas trial court denied this claim:

> Accordingly, the court concludes that the petitioner has failed to present any persuasive evidence that shows [trial counsel] rendered deficient performance for failing to investigate and locate all potential witnesses who would have provided contradictory evidence to the police testimony at the suppression hearing. The petitioner also has failed

> to show that he was not advised about his right to testify at the suppression hearing. Finally, the petitioner has not presented any legal authority to this court that [trial counsel] could have relied upon in the motion to suppress that undermines this court's confidence in the outcome of the motion to suppress hearing, nor has the petitioner demonstrated that the strategy [trial counsel] employed was unreasonable.

*Arokium v. Warden, State Prison*, 2014 WL 3584746, at *12 (Conn. Super. Ct. 2014). The Connecticut Appellate Court dismissed petitioner's appeal of the habeas court's ruling, *see* 164 Conn. App. 901 (2016), and the Connecticut Supreme Court likewise declined to review petitioner's appeal. Petitioner has now filed the instant federal habeas corpus petition.

## DISCUSSION

Federal courts have limited authority to overturn state court convictions. *See generally* 28 U.S.C. § 2254. The limitations on this authority are even stricter in the context of a habeas petition raising Fourth Amendment claims. It is well established that a federal court may not grant habeas corpus relief on the basis of a Fourth Amendment claim "where the State has provided an opportunity for full and fair litigation" of the claim. *See Stone v. Powell*, 428 U.S. 465, 482 (1976). A federal court may only review a Fourth Amendment claim brought in a habeas petition "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

Petitioner's only stated claim here—that his arrest "was the result of an illegal stop, search, and seizure in violation of [his] constitutional rights"—arises from the Fourth Amendment. Doc. #1 at 5. But it is clear that he was able to fully and fairly litigate this issue in the Connecticut state courts. Accordingly, I have no authority pursuant to 28 U.S.C. § 2254 to review petitioner's claim that he was convicted in violation of the Fourth Amendment.

Nor do I understand the petition to raise a claim of ineffective assistance of counsel, notwithstanding petitioner's cryptic statement that "some of my important issues were not raise[d] because my trial lawyer did not argue/preserve them at trial." Doc. #1 at 6. Even so construed, the petition does nothing to show how his trial counsel was ineffective, much less to show that the state habeas court's denial of his ineffective assistance of counsel claim involved unreasonably wrong findings of facts or conclusions of law. *See, e.g.*, *Woods v. Donald*, 135 S. Ct. 1372 (2015) (*per curiam*) (describing highly deferential standard of review that federal courts apply under 28 U.S.C. § 2254 to a claim of ineffective assistance of counsel).

### CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief (Doc. #1) is DENIED.

It is so ordered.

Dated at New Haven this 14th day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge